## HENGEN v. LEWIS.

(Supreme Court, Appellate Term. December 7, 1904.)

1. FRAUD—PLEADING AND PROOF—CHECKS AND DRAFTS.

     An action for fraud, based on defendant's misrepresentation that he had funds on deposit with a certain firm, thereby inducing plaintiff to pay him money on a check drawn on that firm, should not be dismissed on the ground that the instrument was not a check, but a draft; it being in form a check, and the distinction suggested only by the court being immaterial to the issues.

Appeal from Municipal Court, Borough of Manhattan, Eleventh District.

Action by Gustave B. Hengen against Frederick J. Lewis. From a judgment for defendant, plaintiff appeals. Reversed.

Argued before FREEDMAN, P. J., and BISCHOFF and GILDERSLEEVE, JJ.

Archibald F. Clark, for appellant.

Randall H. Ludlow, for respondent.

BISCHOFF, J. In an action for fraud, based upon the defendant's misrepresentation that he had funds on deposit with E. T. Oppenheim & Co., thereby inducing the plaintiff to pay him $50 upon a check drawn upon that firm, the justice dismissed the complaint on the ground that the instrument was not a check, but a draft. In form the paper was a "check," as the word is customarily employed, and, until the distinction was suggested by the justice, it was considered a check by all the persons concerned. Moreover, as far as this action was to be affected, in substance it was a check, as defined by statute, being drawn upon an association of individuals engaged in the business of banking. Neg. Inst. Law, §§ 2, 321; Laws 1897, pp. 720, 756, c. 612. To require the plaintiff to sustain the affirmative upon a wholly collateral matter, and to show that this firm made reports to the banking department, where the exact legal definition of the character of this paper as a "check" or "draft" was entirely immaterial to the only issues the parties had come to try, would not seem to be a commendable method of procedure to the end that justice might be readily administered.

Judgment reversed, and new trial ordered, with costs to the appellant to abide the event. All concur.